[See Case No. 15,003.]

## Case No. 15,006.

UNITED STATES v. DUNHAM et al.

[Brunner, Col. Cas. 653; [2] 21 Law Rep. 591; 1 West. Law Month. 161.]

Circuit Court, D. Massachusetts.  1857.

APPEAL—RIGHT TO OPEN AND CLOSE—EVIDENCE —BILL OF EXCEPTIONS.

1. Allowing a party to open and close is not the subject of a bill of exceptions.

2. The state laws of evidence are rules of decision in trials at the common law in the United States courts.

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

3. Where the rulings of the court on letters or papers are made the subject of exception, they must be inserted in the bill of exceptions, or the presumption will be that the rulings were correct.

[Cited in Merchants' Mut. Ins. Co. v. Baring, 20 Wall. (87 U. S.) 162.]

[Error to the district court of the United States for the district of Massachusetts.

[This was an action by the United States against Josiah Dunham and others.]

Mr. Goodrich, for the United States.
Choate & Hallet, contra.

CURTIS, Circuit Justice. This is a writ of error to the district court in an action of debt on a judgment, brought by the United States. The verdict was for the defendants, and a bill of exceptions was taken.

The first exception is, that the court allowed the defendants' counsel to open and close. This is not a subject for an exception. It was so held by the supreme court in Day v. Woodworth, 13 How. [54 U. S.] 363.

The next exception is, that some of the defendants were admitted as witnesses on their own behalf. Under the statute of Massachusetts (St. 1856, c. 188), I think these persons were admissible as witnesses. It applies to all civil cases, except those wherein an original party is dead, or an executor or administrator is a party; and this case does not come within either exception.

It is argued that no one defendant was competent without calling all the defendants. But I do not find anything in the statute upon which to rest this position.

It is also insisted that statute is not law in this court; and reliance is placed on that part of the thirteenth section of the judiciary act of 1789 (1 Stat. 88), which provides "that the mode of proof by oral testimony and examination of witnesses in open court shall be the same in all courts of the United States, as well in the trial of equity and admiralty and maritime jurisdiction as of actions at common law." But the purpose of this provision was not to introduce a law of evidence respecting the competency of witnesses, but a mode of proceeding by examination, in open court, of such witnesses as should be competent under the appropriate rules of law; and to apply that mode to all the classes of cases over which the courts of the United States have jurisdiction. And I consider it to be settled, that the state laws of evidence are rules of decision in civil trials at the common law, under the thirty-fourth section of the judiciary act. McNeil v. Holbrook, 12 Pet. [37 U. S.] 84; Sims v. Hundley, 6 How. [47 U. S.] 1.

It was also suggested that the United States are not bound by this act. Undoubtedly it would be competent for congress so to provide. But independent of such provision, I know of no prerogative possessed by the United States to be exempt from the rules of evidence, which govern other suitors, in civil actions at the common law. And it must be remembered that this state law confers upon each party the privilege of examining the adverse party; which he did not possess at common law.

The next exception is founded on the rejection of certain letters offered in evidence by the plaintiffs, upon the ground of their immateriality. As the letters are not inserted in the bill of exceptions I cannot determine whether they were material or not, and the presumption is the ruling was correct. Carrol v. Peak, 1 Pet. [26 U. S.] 19; Camden v. Doremus, 3 How. [44 U. S.] 515.

It has been insisted in argument that the solicitor of the treasury had not authority to empower the district attorney to receive satisfaction of the judgment declared on in land or mortgages. But it does not appear by the bill of exceptions that any such point was made or ruled on in the court below; and this court on a writ of error cannot inquire into or determine that question.

The judgment of the district court is affirmed.

NOTE. State laws of evidence are rules of decision in actions at common law in federal courts. See The William Jarvis [Case No. 17,-697], citing case in text. Bills of exceptions—what should be stated in. See Merchants' Mut. Ins. Co. v. Baring, 20 Wall. [87 U. S.] 162, citing case in text.